May Fanning and John Arthur Fanning, by Patrick Fanning, their next friend, Respondents, v. Godfrey Voelker, Appellant.

*Justices' Courts — Appeals — Transcripts.* — Upon an appeal from a justice of the peace, it is the duty of the justice to file with the clerk of the appellate court the transcript of his entries and the original papers filed in the cause. If the papers are lost after filing and the appellant desire to prosecute the appeal, he may have the lost record supplied; if he fail to do this, the appellee may have the judgment affirmed for want of prosecution of the appeal, but cannot have the appeal dismissed.

Fanning et al. v. Voelker.

*Appeal from St. Louis Land Court.*

*Lackland, Cline & Jamison,* for respondents.

The appeal in this case was properly dismissed. There was no record before the court by which it could know what it was called upon to decide ; nor was any offer made by the appellant to supply the defect. It is the duty of a party taking an appeal to see that his appeal is properly brought before the appellate court; if he does not do this, the appeal is properly dismissed—R. C. 1855, § 12, p. 974 ; City of St. Louis v. Bird, 31 Mo. 90 ; Barnes v. Holland, 3 Mo. 49 ; James v. Robinson, 1 Mo. 425 ; Byrne v. Rodney, 1 Mo. 742 ; Smith v. Brunt, 2 E. D. Smith, 534.

*Jecko & Clover,* for appellant.

HOLMES, Judge, delivered the opinion of the court.

It appears that a transcript of the docket entries only from the docket of the justice of the peace from whose judgment the appeal was taken had been filed in the Land Court, but not also " all the process and other original papers relating to the suit," as required by the statute—R. C. 1855, p. 974, § 12. The same act provides (§ 13) that, " upon return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew." The judgment of the St. Louis Land Court recites that the original papers had not been filed, and dismisses the appeal. The statute evidently contemplates that the return of the justice shall embrace all these papers, and that when this return is made the court shall be possessed of the cause, and not before. In the condition in which the matter then stood, the court could exercise no other jurisdiction over the case than to strike it from the docket, as not being properly before the court.

A rule had been made on the justice requiring him to make a complete return and file the papers. He answered that he had already done so. The clerk of the court made

an affidavit that he had made diligent search and could not find the papers in his office, and that he had no knowledge that the papers were ever filed in his office. Now if the truth of the matter were that the papers had been filed and were lost, there was a way in which the appellant might have proceeded to have the lost record supplied if he desired to prosecute his appeal; or if he did not, and the other party could have made it appear to the court that the return of the justice had been made and the papers filed, so that the court had become possessed of the cause, and that the appellant had failed to prosecute his appeal by taking the necessary steps to supply the lost record, the judgment might have been affirmed for want of prosecution of the appeal.

We think the court erred in dismissing the appeal.

Judgment reversed and the cause remanded; the other judges concurring.